502

Doyle MOORE *v.* Eloise COOK

5-4353                                    420 S. W. 2d 905

Opinion delivered November 20, 1967

Smith, Williams, Friday & Bowen; By: George Pike Jr., for appellant.

Terral, Rawlings, Matthews & Purtle; By: Gale Matthews, for appellee.

Lyle Brown, Justice. This appeal by Doyle Moore challenges a jury verdict against him for personal injuries arising out of a traffic mishap. The only issues on appeal concern (1) the refusal of the trial court to give defendant Moore's instruction No. 1, and (2) al-

leged error in giving AMI 601 concerning the rules of the road considered applicable by the court.

The accident occurred while both vehicles were traveling east on Ninth Street in Little Rock. The cross-street immediately ahead of them was Broadway. In that block, Ninth Street is divided into four lanes and is restricted to one-way traffic going east. Both sides of the street have parking meters. As to these litigants, Moore was driving the forward car and Mrs. Cook was immediately behind him, both being in the second lane. At a point approximately 118 feet inside the block, Moore began a turning movement to his right. If un-molested he would have crossed what Moore calls the "parking meter lane" and entered a driveway. At about the same time, Mrs. Cook began a right-turn movement. It was her intention to get into the lane nearest the curb, which was unobstructed from her point to Broadway, for the purpose of turning right on Broadway. The lane from which she desired to move was congested complete-ly to Broadway. The two vehicles collided when almost side by side, Moore's car being slightly at an angle to his right with the front end a few feet inside the "parking meter lane."

In his requested Instruction No. 1, Moore wanted the jury told that Mrs. Cook was bound in law to pass Moore on the left. That was on the theory that the lane designated by Moore's counsel as the "parking meter lane" could not be used for passing on the right. Second-ly, Moore objected to the court submitting, in the format of AMI 601, those rules of the road governing overtak-ing and passing on the right. The thrust of that argu-ment was likewise on the theory that the lane nearest the curb was not available for overtaking and passing; so Moore contends the rules of the road given were not applicable.

The primary purpose of building improved streets is for the movement of traffic. And, as has been ap-propriately said, "parking . . . has always been consid-

ered a right inferior to that of travel or passage." 6 Vanderbilt Law Review 907 (1953). "Parking in the public streets in its broader connotation is a privilege in derogation of the common easement of travel and transport . . . ." *Board of Commissioners* v. *Local Government Board of New Jersey*, 45 A. 2d 139 (1945).

Appellant argues that the extreme right lane was obstructed. He theorizes that the white markings served as notice to the traveling public that the "curb lane was for parking." That theory is not consistent with simple reasoning. It is common knowledge that the white markings indicate the space inside which a vehicle must be parked.

Appellant next argues that Mrs. Cook was driving outside the main-traveled portion of the street, which is not permitted when passing on the right. Ark. Stat. Ann. § 75-610 (Repl. 1957). The answer is two-fold:

(1) It is undisputed Mrs. Cook was making an approach for a right turn on Broadway. She started her approach some 180 feet from Ninth and Broadway when she could see the traffic "stacked up" in front of her in the driving lane she occupied. The extreme outside lane was completely unobstructed all the way to the Broadway intersection. That lane was nine feet in width, which was wide enough to accommodate travel. Ark. Stat. Ann. § 75-615 (Repl. 1957) requires the approach for a right turn to be made as close as practical to the curb. She may or may not have started her approach too soon. That was a question for the jury.

(2) Whether the extreme outside lane is a part of the main-traveled portion of the street is a fact question to be resolved according to the facts in this particular case. See *Ketchum* v. *Pattee*, 98 P. 2d 1051 (1940). The frequency of parking in this block is not to be found in the record. Witness Mallett, the investigating police officer, stated on cross-examination that driving in the involved lane was permitted when it was unobstructed.

Mrs. Cook regularly used this route during school to pick up her children and she customarily used the lane for her approach to the Broadway intersection. The street was paved and curbed, marked for one-way traffic, and had ample room for four cars. By its findings the jury, after appropriate instructions, indicated their conclusion that Mrs. Cook was in a portion of the roadway regularly used, absent parked vehicles.

Finally, the court instructed the jury under Ark. Stat. Ann. § 75-613 (Repl. 1957), which prohibits motorists in laned traffic from moving from a given lane without first ascertaining the probable safety of the movement. We find no merit in appellant Moore's objection to this instruction. Both drivers were moving from one lane to another and both were bound by the same rule. Moore argues he was merely "crossing a parking lane" to enter a driveway and he should not be charged with obedience to the rule. We do not agree. Four lanes were clearly identifiable. The outside marker for each lane was, of course, the curb; the other lines were marked with white paint. The presence of parking meters at the curb did not, of itself, transform the outside lanes into exclusive parking areas, as we have heretofore indicated.

Affirmed.

HARRIS, C. J., and BYRD, J., not participating.